IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:09cv461
[Criminal Case No. 1:06cr167]

| | |
|---|---|
| ISMAEL ALDANA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**PROCEDURAL HISTORY**

On August 7, 2006, the Petitioner was charged with conspiracy to possess with intent to distribute more than 50 grams of cocaine base and more than 500 grams of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 1:06cr167, at Doc. 3]. On September 4, 2008, the Petitioner entered into a Plea Agreement with the Government

1

pursuant to which he agreed to plead guilty to that charge. [Id., at Doc. 132]. The Plea Agreement contained an express waiver of his right to file a direct appeal from his conviction or sentence, except as to claims of ineffective assistance of counsel and prosecutorial misconduct. [Id., at Doc. 132, at 5].

On September 5, 2008, the Petitioner appeared before Magistrate Judge Dennis L. Howell and pled guilty to conspiracy to possess with intent to distribute cocaine base and powder cocaine. Judge Howell engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Doc. 133]. On February 25, 2009, Hon. Lacy H. Thornburg sentenced the Petitioner to 90 months imprisonment and four years of supervised release. [Doc. 148]. The Petitioner did not file a direct appeal from his conviction and sentence.

On October 1, 2009, this case was reassigned to the undersigned when Judge Thornburg retired. On December 16, 2009, the Petitioner timely filed this motion in which he claims, among other things, that his trial attorney was ineffective for having failed to file an appeal after promising the Petitioner he would do so. Specifically, the Petitioner has alleged:

> Was informed that counsel of record would file an appeal at a later date, but as of this date, Counsel has failed to deliver.
>
> ...

> Counsel promised that he would file an appeal for me as to a disparity in sentencing, because I qualify for the Fast-Track Program, if I had been sentenced among the border states. As of this date, I find no Direct Appeal was filed, this violating my Constitutional Rights.

[Doc. 1, at 4].

The Petitioner signed the motion under penalty of perjury. [Id., at 13].

## DISCUSSION

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel regardless of the merits of the appeal. United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel's performance is ineffective under these circumstances even when the proposed appellate claim involves a matter which is covered by a waiver provision in the plea agreement. Poindexter, 492 F.3d at 273. In this case, the Petitioner did sign an appeal waiver and thus, he may "obtain little more than an opportunity to lose at a later date." Id. Nonetheless, the Fourth Circuit has clearly held that the right to have the appeal filed must be upheld in such circumstances. Id.

The Petitioner has alleged that his counsel was ineffective when he "promised that he would file an appeal for [him][.]" [Doc. 1, at 4]. Implicit in

this claim is that the Petitioner in fact desired an appeal and based on counsel's representations, he had a reasonable expectation that counsel would file that appeal, as promised. Thus, even if the Government were to file a response containing an affidavit in which the Petitioner's former attorney denies this allegation, the Court would still be compelled to give the Petitioner the benefit of the doubt. United States v. Santana, 263 Fed. Appx. 334, 335 (4th Cir. 2008) (noting that credibility determinations should not be made on conflicting affidavits). The Court therefore finds that the Petitioner's Motion to Vacate should be granted only as to his claim that counsel was ineffective for failing to file a notice of appeal on his behalf. The Court will vacate the original judgment and enter a new judgment from which an appeal may be taken.

> The Petitioner's remaining claims are dismissed without prejudice.
>
> Because [the Petitioner] has never had a direct appeal, ... taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate. The [Court will dismiss] the remaining claims without prejudice to [his] right to file another habeas motion, if necessary, after a direct appeal. Moreover, as a criminal defendant has a right to counsel throughout the direct appeal, the [Court will] appoint counsel for [him].[1]

United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001).

---

[1] The Petitioner was represented by court-appointed counsel and therefore remains eligible for court-appointed counsel. Fed.R.App.P. 24(a)(3).

## NOTICE OF APPEAL RIGHTS

The Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should the Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within fourteen (14) calendar days after the date the Amended Judgment of conviction is filed or within fourteen (14) calendar days after any government appeal is filed, whichever is later.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Petitioner's Motion under 28 U.S.C. § 2255 to vacate, Set Aside, or Correct Sentence by a Person in federal Custody [Doc. 1] is hereby **GRANTED** in part as to the claim that his trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal and is hereby **DENIED** without prejudice as to all other claims.

2. The Judgment in a Criminal Case [Doc. 148] is hereby **VACATED** and the Clerk of Court is instructed to prepare an Amended Judgment in a

Criminal case with the same sentence and conditions as indicated on the original Judgment in a Criminal Case [Doc. 148].

3. The Petitioner shall remain in the custody of the United States Attorney General and the Bureau of Prisons.

4. The Petitioner may appeal the Amended Judgment in a Criminal case as explained in this Order.

5. In the event that the Petitioner files a Notice of Appeal, the Clerk of Court shall appoint counsel to represent him on appeal, the Petitioner having previously received court-appointed counsel.

Signed: July 16, 2010

Martin Reidinger
United States District Judge